IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMMY CHAVEZ and
LINDA CHAVEZ, Individually and
As the Next Friends and Natural
Parents of SAMANTHA CHAVEZ, a minor,

      Plaintiffs,

vs.                                                                                                                                               CV-06-921 JC/ACT

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY and MANUEL
LUJAN,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Defendants Regents of the University of California and Manuel Lujan's Motion to Dismiss Plaintiffs' Complaint with Prejudice*, filed October 5, 2006 (*Doc. 3*)("Motion"). The issue for resolution is whether Plaintiffs' claims in this matter are barred by exclusivity provisions in the Energy Employees Occupational Illness Compensation Program Act, 42 U.S.C. § 7384 *et seq.*, and, accordingly, must be dismissed. The Court, having considered the Motion, the parties' submission, the relevant authority, and being otherwise fully advised, finds the Motion well-taken and it is, therefore, GRANTED.

**I.**        **Background**

      A. Factual

The following facts are either undisputed or viewed in the light most favorable to Plaintiffs. Shortly before October 2, 2003, Plaintiff Sammy Chavez was hired by Defendant

Los Alamos National Laboratories (LANL) as a technician in the Detonator Technology Group ("DX-1"). Prior to that time, Mr. Chavez had performed the same job on a contractor basis. On October 2, 2003, Mr. Chavez suffered permanent and severely disabling respiratory injuries from exposure to hydrochloric acid (HCL) fumes while working at LANL. Specifically, Mr. Chavez and a coworker were ordered by their direct supervisor, Defendant Manuel Lujan, to clean the etching machine located at DX-1. The cleaning process required the use of air-purifying respirators. Sammy and coworker made it known that they did not want to clean the machine. The two men voiced extreme concern about performing the task, for they had no training or experience in the operation, possessed no knowledge of the proper equipment to be used, and were aware that dangerous, potentially life-threatening chemicals–namely hydrochloric acid– would be used in the process. Despite their protests and expressions of deep apprehension, Mr. Chavez and his coworker were required to clean the machine. Shortly after they began the cleaning operation, the two men smelled acid and their eyes, throats, and sinuses began to burn. The men promptly left the work area.

 After leaving the area, Mr. Chavez and his coworker encountered Defendant Lujan. They told Lujan what they had experienced with the acid and Lujan responded, without further inquiry, that Chavez and Lujan should tighten the straps on their air-purifying respirators and ordered them to return to the work area to complete the task. Fearing reprisal, Mr. Chavez and his coworker returned to the contaminated area, unsupervised, and completed the task.

 The injuries Mr. Chavez sustained as a result of his unprotected exposure to hydrochloric acid on October 2, 2003 have severely reduced his lung capacity, rendering him reliant upon supplemental oxygen and preventing him from working. Mr. Chavez' condition is not expected to improve and is likely to worsen.

B. Procedural

Plaintiffs Sammy and Linda Chavez, a married couple, Individually and As the Next Friends and Natural Parents of Samantha Chavez, their daughter and a minor, (collectively "Plaintiffs") filed a complaint on August 9, 2006 in the First Judicial District Court, County of Rio Arriba, State of New Mexico, asserting Willful Conduct (Count I); Prima Facie Tort (Count II); and Intentional Infliction of Emotional Distress (Count III). They seek recovery for personal injury, loss of consortium, and loss of guidance and counseling.

Defendants removed the case to this Court on September 28, 2006 pursuant to 28 U.S.C. § 1331, relying on the doctrine of complete preemption to establish federal jurisdiction over the claims. Specifically, Defendants assert that the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA" or "the Act") provides a comprehensive remedial scheme that constitutes the exclusive remedy for wrongs such as those Plaintiffs seek to redress. Subsequent to removal, Defendants filed the present Motion, seeking dismissal of all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the EEOICPA preempts the state law causes of action, providing the exclusive remedy for the injuries claimed.

## II.     Legal Standard

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton*, 173 F.3d at 1236.

**III.     Discussion**

As Defendants readily identify, Congress enacted the EEOICPA in the year 2000 for the purpose of providing "timely, uniform, and adequate compensation of covered employees and, where applicable, survivors of such employees, suffering from illnesses incurred by such employees in the performance of duty for the Department of Energy and certain of its contractors and subcontractors."  42 U.S.C. § 7384d(b).  Subtitle B of the Act provides compensation and benefits to individuals who are defined as covered beryllium employees, covered employees with a specified cancer, and covered employees with chronic silicosis.  *See* 42 U.S.C. § 7384l(1).  Subtitle E of the Act covers a broad group of individuals, providing certain compensation and benefits to individuals who are determined to have suffered a covered illness as a result of exposure to a toxic substance at a DOE facility.  *See* 42 U.S.C. § 7385s(1)-(2).  Subtitle E defines a "covered DOE contractor employee" as "any Department of Energy contractor employee determined under section 3675 [42 U.S.C. § 7385s-4] to have contracted a covered illness through exposure at a Department of Energy facility."  *See* 42 U.S.C. § 7385s(1).  A "covered illness" is defined by the Act as "an illness or death resulting from exposure to a toxic substance."  42 U.S.C. § 7385s(2).  The DOE, pursuant to its rule making authority, includes LANL as a DOE facility for purposes of the Act.  *See Energy Employees Occupational Illness Compensation Program Act of 2000; Revision to List of Covered Facilities*, 69 Fed. Reg. 51825 (August 23, 2004).  The DOE, also through its rule making authority, has defined "toxic substance" for purposes of the Act as "any material that has the potential to cause illness or death because its radioactive, chemical, or biological nature."  20 C.F.R. 30.5(ii).

Subtitle C of the EEOICPA contains an exclusivity provision that applies to both Subtitle B and Subtitle E injuries under the Act.  The exclusivity provision found in Subtitle C

4

specifically references Subtitle B illnesses, providing that:

> The liability of the United States or an instrumentality of the United States under this title with respect to a cancer (including a specified cancer), chronic silicosis, covered beryllium illness, or death related thereto of a covered employee *is exclusive and instead of all other liability*–(1)of–(A ) the United States...a contractor that contracted with the department of Energy to provide management and operation, management and integration, or environmental remediation of a Department of Energy facility (in its capacity as a subcontractor)...(E) an employee, agent, or assign of an entity specified in subparagraphs (A) through (D); 2 tp–(A) the covered employee; (B) the covered employee's legal representative, spouse, dependants, survivors and next of kin....

42 U.S.C. § 7385c(a) (emphasis added). Regarding Subtitle E, Subtitle C expressly extends Section 7385c's exclusivity provision to it as follows:

> This section applies with respect to subtitle E to the covered medical condition or covered illness or death of a covered DOE contractor employee on the same basis as it applies with respect to subtitle B to the cancer (including specified cancer), chronic silicosis, covered beryllium illness, or death of a covered employee.

42 U.S.C. § 7385c(d).

Moreover, the 2004 Amendments to the Act expressly extended retroactive application of the exclusivity provisions for toxic exposure injuries such as Chavez'. Where the Act had, since inception, extended application of its exclusivity provisions "to all cases *filed* on or after the date of the enactment of this Act [Oct. 30, 2000]," *see* 42 U.S.C. § 7385c(b)(emphasis added), the Amendments add the following language:

> Applicability to subtitle E. This section applies with respect to subtitle E [42 U.S.C. §§ 7385s et seq.] to the covered medical condition or covered illness or death of a covered DOE contractor employee on the same basis as it applies with respect to subtitle B [42 U.S.C. §§ 7384l et seq.] to the cancer (including a specified cancer), chronic silicosis, covered beryllium illness, or death of a covered employee.

5

42 U.S.C. § 7385c(d) (2004).  To date, Chavez has filed no claim under the Act.  Plaintiffs, instead, filed this tort suit on August 9, 2006.  Because the Act expressly references the date of filing as determining applicability of the Act and its provisions–not the date of injury as Plaintiffs urge–there can be no doubt that the Act applies to Chavez' injuries.

In summary, given the express language making the Act's remedy exclusive (excepting only workers compensation claims), the Court finds the tort claims asserted in Plaintiffs' Complaint cannot proceed.

### IV.    Conclusion

Because Plaintiffs' claims arise out of Mr. Chavez' exposure to toxins in the course of his employment at LANL, as defined by the Act, they are within the scope of the EEOICPA.  Given the clear and unequivocal language of the Act, which Congress chose to apply retroactively, it is beyond reasonable dispute that the Act makes its remedy exclusive as to all but workers compensation claims and provides the exclusive remedy for the injuries Plaintiffs seek to redress.  Accordingly, Plaintiffs' claims must be dismissed.

WHEREFORE,

**IT IS ORDERED** that *Defendants Regents of the University of California and Manuel Lujan's Motion to Dismiss Plaintiffs' Complaint with Prejudice*, filed October 5, 2006 (*Doc. 3*) is GRANTED and Plaintiffs' claims are hereby DISMISSED.

Dated this 29th day of May, 2007.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

    Brian K. Branch, Esq.
    Albuquerque, New Mexico

    Gerald A. Hanrahan, Esq.
    Albuquerque, New Mexico

Counsel for Defendants:

    Cindy J. Lovato-Farmer, Esq.
    Pablo Prando, Esq.
    Los Alamos, New Mexico